UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONERLY, et al., | No. 2:21-cv-1600-KJM-KJN (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF JURISDICTION and ORDER |
| v. | |
| JAMIE DAVENPORT, et al., | (ECF No. 1) |
| Defendants. | |

Plaintiffs James Conerly and Marilyn Tillman-Conerly filed this case on September 7, 2021, and paid the filing fee.[1]  (ECF No. 1.)  Upon reviewing the complaint pursuant to the court's independent duty to assess its own jurisdiction in all cases, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiffs bring this action against five defendants involved, to various degrees, in two prior small claims cases against plaintiffs in California state court.  Plaintiffs assert that they defended themselves in an unspecified small claims court case regarding a mechanics lien recorded against them in June 2020 by defendant Official Pest Prevention LLC through its agent, defendant KiVonne Nash.  (ECF No. 1 at 3-4.)  According to plaintiffs, they received a ruling in

---

[1] Because plaintiffs are representing themselves, this case is referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C § 636(b)(1) and Local Rule 302(c)(21).

1

their favor when Official Pest Prevention "failed to appear." (Id.) Official Pest Prevention then allegedly filed another case against plaintiffs, bringing them "back to Small Claims Court to re-litigate the same Cause Of Action." (Id. at 4.) Plaintiffs asserted "Res Judicata" and "Double Jeopardy" in the second case before defendant Judge Peter K. Southworth,[2] "but the judge misapplied the law and ruled in favor of" now-defendant Jamie Davenport, another agent of Official Pest Prevention. (Id. at 3, 4.) Plaintiffs allege that the "bogus mechanics lien" placed on their house prevented them from obtaining a new loan and devalued their house. (Id. at 4.)

Plaintiffs claim that the above conduct violated their Fourteenth Amendment due process rights and effected an unlawful government taking of their property in violation of the Fifth Amendment. (Id. at 3, 4.) Plaintiffs assert that Official Pest Prevention and "its Agent" "joined in with the Judge" to violate their constitutional rights, and that all listed defendants "join[ed] in and agree[d] with other Government agencies and other private agencies/individuals" to intentionally harm plaintiffs. (Id. at 5.) Plaintiffs also add that they received "harassing" phone calls from Official Pest Prevention, and that they were "Defamed (slander and [libel]) in their neighborhood, family, and other places such as Church." (Id. at 3.) For relief, plaintiffs "seek to be Restored and be Made Whole," requesting an award of $80 million in damages and "To Be Left Alone" by defendants (among others). (Id. at 5.)

The court also notes that plaintiffs—who appear to be spouses and are often joined by their daughter, Carina Conerly—have filed several lawsuits in this court, similar to this one in that they include claims against individuals who opposed them in prior state court cases and against the judges and state courts that ruled against them. See E.D. Cal. Nos. 2:19-cv-2535-JAM-DB (case filed 12/17/2019, dismissed based in part on judicial immunity and Rooker-Feldman doctrine); 2:20-cv-0362-KJM-KJN (case filed 2/18/2020, dismissed sua sponte for lack of jurisdiction and frivolousness, appeal also dismissed as frivolous); 2:20-cv-1833-JAM-AC (case filed 9/11/2020, dismissed sua sponte for lack of jurisdiction under Rooker-Feldman and judicial immunity, affirmed 7/26/2021).

---

[2] The complaint also names as a defendant the California Superior Court for the County of Sacramento, the court in which Judge Southworth sits. (ECF No. 1 at 2.)

**DISCUSSION**

I. **Legal Standard**

Federal courts have an independent duty to assess whether federal subject matter jurisdiction exists in every case, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The court must dismiss the action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action."). Unlike sua sponte dismissals for failure to state a claim, the court can dismiss an action on its own motion for lack of subject matter jurisdiction without notifying the plaintiff of the proposed action or affording them an opportunity to oppose dismissal. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1341-42 (9th Cir. 1981).

A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). However, federal courts do not have jurisdiction over claims where the defendant is absolutely immune from suit. See Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1345 (9th Cir. 1981).

II. **Analysis**

    A. **Rooker-Feldman Bar**

Like plaintiffs' previous suits cited above, this suit is barred by the Rooker-Feldman doctrine.[3] "[T]he Rooker-Feldman doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when "the action contains a

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

forbidden de facto appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff [1] asserts as a legal wrong an allegedly erroneous decision by a state court, and [2] seeks relief from a state court judgment based on that decision.'" Id. (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the federal action constitutes a de facto appeal, district courts are barred from deciding not only the issues decided by the state court, but also any other issues that are "inextricably intertwined" with an issue resolved by the state court's decision. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004) (citing Noel, 341 F.3d at 1158).

Both elements of a de facto appeal are present in plaintiffs' complaint. First, the primary legal wrong plaintiffs assert is that Judge Southworth "misapplied the law" in rejecting their res judicata arguments in opposition to Official Pest Prevention's second small claims case against them regarding payment on the mechanics lien—and erroneously ruled in favor of the lienholder. (ECF No. 1 at 4.) See Noel, 341 F.3d at 1164 (Rooker-Feldman bar applies when the "federal plaintiff [is] complaining of legal injury caused by a state court judgment because of a legal error committed by the state court"). Second, although plaintiffs do not expressly request that this court set aside the judgment of the state court, the complaint's request to be "Restored and be Made Whole," combined with their request "To Be Left Alone By All Defendants in this case," makes clear that they are seeking relief from the state court's judgment permitting Official Pest Prevention to collect on the mechanics lien. (ECF No. 1 at 5.) Plaintiffs are not asserting an independent claim that merely denies a legal conclusion reached by the state court, but rather are objecting to the financial harm worked against them by the state court's judgment itself. See Noel, 341 F.3d at 1164. Thus, plaintiffs' constitutional claims are a "forbidden de facto appeal of a state court judgment." Noel, 341 F.3d at 1165.

Further, any accompanying conspiracy or tort claims the complaint might be construed as asserting are "'inextricably intertwined' with an issue resolved by [Judge Southworth's] decision from which the forbidden de facto appeal is taken." Cooper v. Ramos, 704 F.3d 772, 781 (9th Cir. 2012) (quoting Noel, 341 F.3d at 1165). Plaintiffs claim that Official Pest Prevention and its agents "joined in with the Judge" to violate their rights—and that other defendants "agree[d]

4

1   with" government actors to harm them; and they seek damages for these injuries. (ECF No. 1
2   at 5.)  Awarding plaintiffs damages in this action to compensate for their small-claims-court-
3   approved debt—and to punish defendants—would effectively reverse the small claims court's
4   decision. See Cooper, 704 F.3d at 779 (claims are inextricably intertwined with an issue resolved
5   by the state court where "the relief requested in the federal action would effectively reverse the
6   state court decision or void its ruling"); id. at 782 (holding that plaintiff's prayer for monetary and
7   punitive damages, although distinct from his prayer for declaratory judgment, was still contingent
8   on finding state court error); Menna v. Radmanesh, No. CV 14-355-R MAN, 2014 WL 6892724,
9   at *10 (C.D. Cal. Oct. 7, 2014) ("The relief plaintiff seeks—a declaration that the judgments in
10  the prior state actions are void and damages to compensate him for the loss of his tenancy—
11  would effectively reverse the state court decisions." (emphasis added)).  Therefore, plaintiffs' suit
12  is Rooker-Feldman barred, the court lacks jurisdiction to hear it, and the case should be dismissed
13  in its entirety.

**B.   Lack of Federal Question Jurisdiction**

Even if this action were not barred by Rooker-Feldman, the court would still lack jurisdiction over the only federal claims asserted in the complaint.  Plaintiffs' cited basis for federal-question jurisdiction is "United States Civil Codes 1328 U.S.C. Section 13431." (ECF No. 1 at 3.)  Presumably, plaintiffs intended to cite 28 U.S.C. § 1343, which contains the jurisdictional grant for Section 1983 causes of action. See Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 107 n.4 (1989); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 607-08 (1979).

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." Livadas v. Bradshaw, 512 U.S. 107, 132 (1994).  Its text provides that

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 is the proper vehicle for claims of constitutional violations like

5

those plaintiffs assert here; however, plaintiffs do not name any defendants who can be sued under this statute.

### 1. Judges and Courts Are Immune from Suit

As plaintiffs are aware from this court's decisions dismissing their prior cases, judges are absolutely immune from suit for acts performed in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under § 1983); Franklin, 662 F.2d at 1345. Judicial immunity constitutes an immunity from suit, not just from an ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). A judge retains immunity even if she takes actions that are erroneous, malicious, or in excess of authority. Meek v. Cty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("The rationale for granting judges immunity from liability for even intentional and malicious conduct while acting in their judicial capacity is that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability.").

There are two general circumstances where judicial immunity is overcome: (1) where a judge's act is not a judicial action, and (2) when the judge acts in the clear absence of all jurisdiction. Mireles, 502 U.S. at 11-12; see also Hyland v. Wonder, 117 F.3d 405, 413 n.1 (9th Cir. 1997), as amended 127 F.3d 1135 (9th Cir. 1997). Neither of those circumstances apply here. Judge Southworth's act of ruling on the small claims matter before him was a quintessential judicial act that was within his court's jurisdiction. Accordingly, Judge Southworth is absolutely immune, and this court lacks jurisdiction over the claims against him.

The Superior Court for Sacramento County is also immune from suit, but for a different reason: it is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. See Simmons v. Sacramento Cty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that suits against Sacramento County Superior Court are barred by the Eleventh Amendment). Accordingly, this court lacks jurisdiction over the claims against that court as well.

### 2. Section 1983 Does Not Apply to Private Actors

Plaintiffs also seem to be asserting their constitutional § 1983 claims against the three private defendants, Official Pest Prevention and its agents (defendants Davenport and Nash) for

recording the mechanics lien and prosecuting the associated small claims cases.  However, there is no indication that, in taking either of those actions, any of these three defendants were acting under color of state law.  See 42 U.S.C. § 1983 (imposing liability on every person who, "under color of [state law]" causes deprivation of constitutional rights); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).  Just because a private entity or person is alleged to have interacted with a state agency or court—for instance by recording a lien, or filing suit—does not make their conduct governmental in nature.  See Sutton, 192 F.3d at 835 (ultimate question is whether the alleged constitutional deprivation is fairly attributable to the government). Defendants Official Pest Prevention, Davenport, and Nash are not state actors subject to suit under § 1983.

### C. Lack of Diversity Jurisdiction for State Law Claims

Finally, the court also lacks jurisdiction over any state law claims plaintiffs may be attempting to assert against the three private defendants.  (See ECF No. 1 at 3 (suggesting possible defamation or harassment claims).)  For a federal court to hear such claims, the parties would have to be completely diverse in their state citizenships.  See 28 U.S.C. § 1332(a)(1). Based on the addresses listed in the complaint, both plaintiffs and all defendants share a common California state citizenship.  (ECF No. 1 at 1-2.)

### **RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that this case be DISMISSED for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

Because of the court's findings and recommendations, it is HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated: September 16, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cone.1600